**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION**

|   |   |
|---|---|
| Keisha Colding, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Oracle Financial Group LLC; and DOES 1-10, inclusive, | : **COMPLAINT** |
| Defendants. | : |

For this Complaint, Plaintiff Keisha Colding, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

4. Plaintiff Keisha Colding ("Plaintiff") is an adult individual residing in Fort Washington, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Oracle Financial Group LLC ("Oracle") is a New York business entity with an address of 1885 Harlem Road, Suite 200, Buffalo, New York 14212, operates as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 ("Collectors") are individual collectors employed by Oracle and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as

parties once their identities are disclosed through discovery.

7. Oracle at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff allegedly incurred a financial obligation ("Debt") to an original creditor ("Creditor").

9. The Debt arose from services provided by the Creditor, which were primarily for family, personal, or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned, or transferred to Oracle for collection, or Oracle was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Oracle Engages in Harassment and Abusive Tactics

12. On or about September 21, 2017, Plaintiff spoke with Oracle regarding the Debt.

13. Oracle accused Plaintiff of theft and bank fraud.

14. In addition, Oracle claimed that Plaintiff would face "charges" if the Debt was not paid.

### C. Plaintiff Suffered Actual Damages

15. Plaintiff suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

16. As a direct consequence of Defendants' acts, practices, and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration, and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692, *et seq.*

17.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.    Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

19.    Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

20.    Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character and/or legal status of the Debt.

21.    Defendants' conduct violated 15 U.S.C. § 1692e(7) in that Defendants falsely misrepresented that Plaintiff had committed a crime.

22.    Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

23.    Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

24.    The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

25.    Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, *et seq.*

26.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

28. The Debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

29. Defendants threatened criminal prosecution against Plaintiff, in violation of MD. Code Comm. Law § 14-202(2).

30. Defendants attempted to claim and enforce a right that Defendants did not have a legal right to enforce or claim, in violation of MD. Code Comm. Law § 14-202(8).

31. Plaintiff is entitled to damages proximately caused by Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Actual damages pursuant to MD. Code Comm. Law § 14-203;

5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b); and

6. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: September 28, 2017

Respectfully submitted,

By   */s/ Sergei Lemberg*
Sergei Lemberg, Esq.
LEMBERG LAW, LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897

Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Email: slemberg@lemberglaw.com
ATTORNEYS FOR PLAINTIFF